## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EDWARD W. LYLE,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 1:24-cv-00128-TNM** |
| **DISTRICT OF COLUMBIA,** | |
| **Defendant.** | |

## REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................... 1

ARGUMENT ................................................................................................................... 2

    I.      The Complaint Fails to Allege a Fourth Amendment Claim. ................................ 2

          A.      Plaintiff's Consent to DOB Inspections and Failure to Indicate Any Refusal After Consenting Bar His Assertions that the Inspections of His Property Violated the Fourth Amendment. ...................................... 2

          B.      District Law Governing Housing Inspections Provides Reasonable Standards for Conducting Inspections Consistent With the Fourth Amendment. ............................................................................................. 3

    II.     The Complaint Fails to Allege a Fifth Amendment Claim. ................................... 5

    III.    The Complaint Fails to Allege Harm Caused by a District of Columbia Policy or Custom. ................................................................................................. 7

CONCLUSION ............................................................................................................. 10

# TABLE OF AUTHORITIES

Cases                                                                                                   Pages(s)

*2910 Georgia Ave. LLC v. District of Columbia,*
   234 F. Supp. 3d 281 (D.D.C. 2017)................................................................5, 6
*Atherton v. District of Columbia Office of Mayor,*
   567 F.3d 672 (D.C. Cir. 2009).......................................................................6
*Camara v. Mun. Ct. of S.F.,*
   387 U.S. 523 (1967)..................................................................................Passim
*Car Carriers, Inc. v. Ford Motor Co.,*
   745 F.2d 1101 (7th Cir. 1984) .....................................................................3
*Carr v. Saul,*
   141 S. Ct. 1352 (2021)...............................................................................7
*Coleman v. Pension Benefit Guar. Corp.,*
   94 F. Supp. 2d 18 (D.D.C. 2000).................................................................3, 7
*Donovan v. Dewey,*
   452 U.S. 549 (1991) .................................................................................4
*Elkins v. District of Columbia,*
   527 F. Supp. 2d 36 (D.D.C. 2007)...............................................................5
*English v. District of Columbia,*
   717 F.3d 968 (D.C. Cir. 2013).....................................................................5
*Fernandez v. California,*
   571 U.S. 292 (2014) .................................................................................2
*Holloway v. D.C. Gov't,*
   9 F. Supp. 3d 1 (D.D.C. 2013).....................................................................5, 7
*Hurd v. District of Columbia,*
   997 F.3d 332 (D.C. Cir. 2021).....................................................................8
*Mathews v. Eldridge,*
   424 U.S. 319 ..........................................................................................7
*Monell v. Dep't of Soc. Servs. of N.Y.C.,*
   436 U.S. 658 (1978) .................................................................................8
*Morgan Distributing Co, Inc. v. Unidynamic Corp.,*
   868 F.2d 992 (8th Cir. 1989).......................................................................3
*Propert v. District of Columbia,*
   948 F.2d 1327 (D.C. Cir. 1991)...................................................................5
*Sinclair v. Kleindienst,*
   711 F.2d 291 (D.C. Cir. 1983).....................................................................3
*Texas v. United States,*
   798 F.3d 1108 (D.C. Cir. 2015)...................................................................1, 3
*UDC Chairs Chapter, Am. Ass'n of Univ. Professors v. Bd. of Trustees of the Univ. of the*
   *District of Columbia,*
   56 F.3d 1469 (D.C. Cir. 1995).....................................................................5

Statutes

42 U.S.C. § 1983 ................................................................................................ 7, 8, 10
D.C. Code § 1-204.31(a) ................................................................................................ 7
D.C. Code § 42-3509.08(a) (2019) ................................................................................ 4
D.C. Code § 42-3509.08(d)(3) ....................................................................................... 4

Regulations

D.C. Mun. Regs. tit. 12G § 104.3.1 ............................................................................... 4
D.C. Mun. Regs. tit. 12G, § 104.3 (2017) ..................................................................... 4
D.C. Mun. Regs. tit. 28, § 2828 ..................................................................................... 7

## INTRODUCTION

The Court should accept Plaintiff's concessions that the District of Columbia (the District) did, in fact, notify Plaintiff of each of two housing inspections conducted by the Department of Buildings (DOB), Pl's Opp'n to the Mot. to Dismiss of the District of Columbia [10] (Pl's Opp'n) at 7; that the DOB inspector was accompanied by Plaintiff's tenant on both inspections, *id.*; and that at no time did Plaintiff withdraw consent or indicate a refusal for an inspection to take place, *id.* at 4.  *See Texas v. United States*, 798 F.3d 1108, 1110 (D.C. Cir. 2015) (reciting legal standard under LCvR 7(b) where party fails to oppose.).  Those facts—now unequivocally conceded through Plaintiff's Opposition—dispose of the gravamen of Plaintiff's Complaint.

The balance of Plaintiff's Opposition offers no path for saving his case.  Plaintiff lacks support for his conclusory assertion that District laws providing for inspections of residential rental properties are unconstitutional.  He has no authority to refute the fundamental constitutional principle that consent to a search satisfies the Fourth Amendment—much less to plausibly suggest that it should not apply to him.  He has no authority to support his characterization of what the Due Process Clause requires in this context—much less that the District laws he challenges violated his due process rights (and his analogy to the protections afforded to mine owners under federal law is logically and legally off the mark).  And he lacks both case law and plausible well-pled facts to show that an official District policy or custom was the moving force behind the constitutional torts he claims.  Plaintiff's claims, then, fall short in every respect.  Accordingly, the Court should dismiss for failure to state a claim upon which relief can be granted.

## ARGUMENT

**I.**     <u>**The Complaint Fails to Allege a Fourth Amendment Claim.**</u>

      **A.**     <u>**Plaintiff's Consent to DOB Inspections and Failure to Indicate Any Refusal After Consenting Bar His Assertions that the Inspections of His Property Violated the Fourth Amendment.**</u>

As discussed in the District's motion, consent makes a search reasonable under the Fourth Amendment. *Fernandez v. California*, 571 U.S. 292, 306 (2014) ("A warrantless consent search is reasonable and thus consistent with the Fourth Amendment . . . ."); *Camara v. Mun. Ct. of S.F.*, 387 U.S. 523 540 (1967); Mem. of P. & A. in Supp. of Def's Mot. to Dismiss Pl's Compl. [8] (Def's Mot.) at 8–10.  Crucially, Plaintiff *does not argue* at any point in his Complaint or Opposition that he did not consent to DOB inspections.  *See, e.g.*, Pl's Opp'n at 4. Not only did Plaintiff consent to allowing DOB inspections as a condition of his business license, but also Plaintiff's allegations and argument show that he *and* his tenant expressly consented to the specific inspections at issue.  *See id.* (discussing the District's assertion that "Plaintiff, as a matter of law, gave such consent in obtaining a license to rent rooms in his home" without contending that there was not, as a matter of law, consent); *id.* ("At no time, furthermore, did Plaintiff physically bar DOB's inspector from entering his home . . . ."); *id.* at 7 ("[T]he

District . . . arrived and conducted the inspections with the Plaintiff's tenant).[1]  Thus, the Court

may accept this point as conceded by Plaintiff.  *Texas*, 798 F.3d at 1110 ("[I]f a party files an

opposition to a motion and therein addresses only some of the movant's arguments, the court

may treat the unaddressed arguments as conceded.").  Accordingly, neither inspection violated

the Fourth Amendment in Plaintiff's case because the inspections were conducted with

Plaintiff's consent, and the Court should dismiss Plaintiff's Fourth Amendment claim on that

basis.

      **B.**      <u>**District Law Governing Housing Inspections Provides Reasonable Standards for Conducting Inspections Consistent With the Fourth Amendment.**</u>

      Plaintiff asserts that—even with consent to DOB inspections—District law regarding

DOB inspections is unconstitutional because it does not provide "reasonable legislative or

administrative standards for conducting an area inspection."  *See Camara*, 387 U.S. at 538.

Plaintiff critiques—but misunderstands—the holding of *Camara*.  In *Camara*, an administrative

scheme that provided "the right to enter, at reasonable times, any building structure, or premises

in the City to perform any duty imposed upon [inspectors] by the Municipal Code," 387 U.S. at

526, was held to be a "'reasonable' search of private property within the meaning of the Fourth

---

[1]      In his Opposition, Plaintiff improperly adds alleged facts about the scope of his tenant's access to his home.  Pl's Opp'n at 3.  "It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss."  *Coleman v. Pension Benefit Guar. Corp.*, 94 F. Supp. 2d 18, 24 n.8 (D.D.C. 2000) (citing *Morgan Distributing Co, Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)).  Thus, although "a complaint must be liberally construed and in a manner most favorable to the plaintiff," *id.* (citing *Sinclair v. Kleindienst*, 711 F.2d 291, 293 (D.C. Cir. 1983)), the Court must ignore additional facts presented in Plaintiff's Opposition, which cannot reasonably be construed from Plaintiff's Complaint.  Where Plaintiff indicates only in his Complaint that his tenant had "unilaterally appropriated" a "first floor room . . . as a bedroom for herself," Compl. ¶ 15, Plaintiff *may not* now assert in his Opposition that his "tenant was renting only a bedroom in the house" or that the location of the housing infraction—the dining room— "was not under the control of the tenant."  Pl's Opp'n at 3.

Amendment." *Id.* at 538.  This right to enter was held to be a "reasonable legislative or administrative standard[ ]" that would satisfy probable cause.  *Id.*  In *Camara*, the administrative scheme at issue permitted warrantless searches *unless* the resident or tenant affirmatively refused entry.  *Id.* at 540.

The protections afforded by the District's administrative scheme governing housing inspections are consistent with those approved in *Camara*.  Similar to the *Camara* scheme, the D.C. Code provides that DOB inspectors "may enter upon and into any housing accommodation in the District, during all reasonable hours, to inspect the same."  D.C. Code § 42-3509.08(a) (2019); *see also* D.C. Mun. Regs. tit. 12G, § 104.3 (2017).  District law then goes further in detailing the circumstances under which an inspector may enter a housing accommodation:  upon consent of the tenant (or resident) or if the inspector reasonably believes there is "imminent danger to the public health, safety, or welfare."  D.C. Mun. Regs. tit. 12G § 104.3.1.  If consent is refused, District law provides that DOB may seek an administrative search warrant.  *E.g.*, D.C. Code § 42-3509.08(d)(3) (issuance of an administrative search warrant may be granted if, among other criteria, "the owner, tenant, or other individual in charge of the property has denied access to the property").

This is precisely the scheme discussed in *Camara* as consistent with the Fourth Amendment.  Yet Plaintiff appears to argue that he should be afforded Fourth Amendment protections as a residential landlord that are on par with what federal law provides to owners of mining facilities.  *See* Pl's Opp'n at 5–6.  That obviously cannot be correct, logically, or legally. Logically, Plaintiff is not a mine owner; he is a landlord—and the District is aware of no authority that would blur the lines between these distinct fields.  Legally, precedent interpreting the Fourth Amendment rights of mine owners—such as *Donovan v. Dewey*, 452 U.S. 549

(1991)—could only be relevant to the Court's analysis of residential housing inspections if no other, more closely analogous authority existed.  But clearly, better law exists.  *See Camara*, 387 U.S. at 538.  Neither the Federal Mine Safety and Health Act nor Fourth Amendment case law interpreting it help him here.  Plaintiff's conclusory assertion that he is entitled to notice and an opportunity to accompany an inspector *does not* create such a right.  Accordingly, the Court should dismiss Plaintiff's Complaint with prejudice.

## II.   <u>The Complaint Fails to Allege a Fifth Amendment Claim.</u>

The Fifth Amendment guarantees procedural due process of law.[2]  "The three basic elements of a procedural due process claim are (1) a deprivation, (2) of life, liberty, or property, (3) without due process of law."  *2910 Georgia Ave. LLC v. District of Columbia*, 234 F. Supp. 3d 281, 315 (D.D.C. 2017).  "Procedural due process requires sufficient notice and 'opportunity to be heard at a meaningful time and in a meaningful manner.'"  *Holloway v. D.C. Gov't*, 9 F. Supp. 3d 1, 10 (D.D.C. 2013) (citing *Elkins v. District of Columbia*, 527 F. Supp. 2d 36, 48 (D.D.C. 2007) (quoting *UDC Chairs Chapter, Am. Ass'n of Univ. Professors v. Bd. of Trustees of the Univ. of the District of Columbia*, 56 F.3d 1469, 1472 (D.C. Cir. 1995))).  Plaintiff has not alleged the required basic elements of a procedural due process claim and has had adequate process, including notice and opportunity to be heard in an evidentiary hearing.  Accordingly, Plaintiff's Complaint should be dismissed with prejudice.

---

[2]    While "[t]he procedural due process protections under the Fifth and Fourteenth Amendments are the same . . . only the Fifth Amendment applies to the District of Columbia." *English v. District of Columbia*, 717 F.3d 968, 972 (D.C. Cir. 2013) (citing *Propert v. District of Columbia*, 948 F.2d 1327, 1330 n.5 (D.C. Cir. 1991)).  Thus, although Plaintiff asserts both a Fifth and Fourteenth Amendment claim in his Complaint, *see* Compl. at 18, only the Fifth Amendment is potentially implicated.

There is no basis for the assertion that timely notice in a DOB residential rental property is a Fifth Amendment interest.  Interests in "life, liberty, or property," *2910 Georgia Ave. LLC*, 234 F. Supp. 3d at 315, may arise from two sources—the Constitution and state law.  *Atherton v. District of Columbia Office of Mayor*, 567 F.3d 672, 689 (D.C. Cir. 2009).  The Plaintiff "agrees that D.C. law does not currently provide . . . a right" to timely notice of pending DOB inspections.  Pl's Opp'n at 7.  Neither does the Constitution.  Plaintiff's vague assertion that the "right to timely notice of inspections and a right to be present at inspections . . . should [be] deemed part of the 'reasonable legislative or administrative standards for conducting an area inspection'" is insufficient to establish such a right.  Pl's Opp'n at 7.  Plaintiff cites no other authority establishing such a right, and as discussed above in Section I, District law governing housing inspections is exactly consistent with the administrative scheme set forth in *Camara*.  And indeed, *Camara* upheld the constitutionality of an administrative search scheme which *provided no notice to residents* of an area inspection—and thus cannot support Plaintiff's argument.  387 U.S. at 531 n.10.[3]

Further, Plaintiff has had ample due process afforded him for the only recognized interest of which he was deprived (the fine he received for violations in the first DOB inspection).  He received notice of each pending DOB inspection.  Pl's Opp'n at 7; Compl. ¶¶ 6–12, 17–22.  He received the Notice of Infraction issued by DOB.  Compl. ¶ 14.  He received notice of an OAH

---

[3]     *Camara* upheld the constitutionality of the administrative search scheme, permitting area inspections, while striking down a separate provision that provided a criminal penalty for residents who refused to let inspectors enter their residence.  387 U.S. at 538 ("Having concluded that the areas inspection is a 'reasonable' search of private property within the meaning of the Fourth Amendment . . . .").

hearing.  Compl. ¶ 16.[4]  He had an opportunity to present evidence and be heard in an OAH

hearing, and from there, to appeal as necessary.  *Id.*  It is this procedure—a notice and

opportunity to be heard at a meaningful time and in a meaningful manner, *Holloway*, 9 F. Supp.

3d at 10—that is constitutionally relevant.  Whether Plaintiff received *timely* notice of the exact

date and time of the DOB inspection, and whether the DOB inspector tried to find the Plaintiff is

not relevant to the procedural due process analysis.  An evidentiary hearing satisfies procedural

due process.  *Mathews v. Eldridge*, 424 U.S. 319, 333, 34849 (1976).  Plaintiff was given an

evidentiary hearing and opportunity to appeal that decision.[5]  Therefore, Plaintiff fails to plead a

violation of his Fifth Amendment procedural due process rights.

III.    **The Complaint Fails to Allege Harm Caused by a District of Columbia Policy or
        Custom.**

       Plaintiff has not alleged harm caused by a District of Columbia policy or custom.  Pl's

Opp'n at 9–10.  As discussed in the District's motion, "under 42 U.S.C. § 1983, municipalities

can be held liable for constitutional violations committed by their employees only if a plaintiff

shows that the municipality is the 'moving force' behind the constitutional violation, meaning

that an 'official municipal policy of some nature caused a constitutional tort.'"  *Hurd v. District*

---

[4]     As discussed above in Section I, n.1, Plaintiff may not amend his complaint by brief in
opposition to a motion to dismiss.  *Coleman*, 94 F. Supp. 2d at 24, n.8.  However, even if
Plaintiff amended his complaint to allege that he did not attend the OAH hearing due to a
"family emergency," he would still have had ample due process to appeal the administrative law
judge's decision in the District's local courts.  *See* Def's Mot. at 12 (citing D.C. Code § 1-
204.31(a); D.C. Mun. Regs. tit. 28, § 2828–30 (2023)).

[5]     It is irrelevant whether Plaintiff could have raised constitutional claims in an OAH
hearing, as Plaintiff improperly argues for the first time in his Opposition.  Pl's Opp'n at 3, 8–9;
*Coleman*, 94 F. Supp. 2d at 24, n.8.  However, he would not have waived such claims by
participating in an OAH hearing or subsequent appeal.  *Carr v. Saul*, 141 S. Ct. 1352, 1354
(2021) ("So long as a [plaintiff] 'had exhausted the full set of available administrative review
procedures . . . failure to have raised his constitutional claim would not bar him from asserting it
later in a district court.'").

*of Columbia*, 997 F.3d 332, 337 (D.C. Cir. 2021) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 691 (1978)) (emphasis added); Def's Mot. at 13.  While Plaintiff attempts to circumvent the requirements of 42 U.S.C. § 1983, Pl's Opp'n at 10 ("regardless of what any 42 U.S.C. § 1983 . . . may require"), he ultimately fails to allege any cognizable constitutional violation.

First, Plaintiff concludes without support that "regardless of what 42 U.S.C. § 1983 or any other federal or District statute, regulation or any other authority may require" the "failure of the District to require . . . timely notice . . . violates the Constitution."  Pl's Opp'n at 10.  Again, Plaintiff rests on a single quote from *Camara*—taken from its context—alleging that without a policy of providing the exact date and time of housing inspections to housing business licensees, it must be the case that the District has not provided "reasonable legislative or administrative standards for conducting an area inspection."  Pl's Opp'n at 9.  But the District's administrative and regulatory scheme for conducting housing inspections of residential rental properties is exactly the type of scheme upheld in *Camara*.  *See* Section I–II, above.  *Camara* does not support the inference that accurate or timely notice is required by the Constitution in the context of administrative searches of residential rental properties.  *See* Section II, above (discussing the statute at issue in *Camara*, which provided *no notice* to residents subject to an area inspection). Thus, there is no predicate constitutional violation that can support a finding of municipal liability.

Next, Plaintiff argues that "the District has adopted a policy of not requiring . . . timely notices of inspection to owners."  Pl's Opp'n at 10.  Yet Plaintiff has alleged the opposite.  He was given notice of each inspection.  Pl's Opp'n at 7 ("[t]he District did notify the Plaintiff of both inspections"); Compl. at ¶¶ 7, 17–18.  Such notice was timely, indicating a specific date and

two-hour window in which the inspector—at least at that time—was scheduled to inspect Plaintiff's premises.  Compl. at ¶¶ 7, 17–18 ("DOB's Customer Service Team emailed the Plaintiff that a DOB representative would be coming between 2:00 and 4:00 p.m. that day to inspect the Residence.").  As alleged in Plaintiff's Complaint, "the inspector was communicating with the Plaintiff's tenant during this period about his arrival time" in rescheduling the inspections.  Compl. ¶ 12.  These facts, on their face, cannot support a conclusion that the District "has adopted a policy of not requiring . . . timely notices."  Pl's Opp'n at 10.  And confusingly, Plaintiff admits that he is "not addressing whether the District's inaccurate notices to him were caused by a District policy . . . [a]nd the Plaintiff is not alleging . . . that he received ineffective notice of the inspection due to a particular District custom."  Pl's Opp'n at 10.

Further, to the extent that Plaintiff alleges that the District has adopted a policy of not providing a "right to be present during inspections," Pl's Opp'n at 10, he has not alleged anywhere facts that support that allegation.  *See* Compl.  In fact, District law does not prohibit a housing business licensee from accompanying an inspector during an inspection of a residential rental property.

Finally, Plaintiff argues that "[w]hether or not DOB had a policy of providing notice of a particular date and time to the landlord, that policy was worthless *in this instance* . . . ."  Pl's Opp'n at 10 (emphasis added).  But as discussed the District's motion, this does not sufficiently allege a custom of providing ineffective notice.  *See* Def's Mot. at 14 ([A] plaintiff must allege 'concentrated, fully packed, precisely delineated scenarios' to support his allegations that such a policy or custom exists . . . and that the custom is 'pervasive.'").  Even if the District had provided notice of a particular date and time to Plaintiff, and then rescheduled with Plaintiff's tenant, as Plaintiff alleges, this isolated set of facts would not show a *custom* of providing

"worthless" notice.  *See* Pl's Opp'n at 10.  In turn, this could not plausibly trigger the District's liability under 42 U.S.C. § 1983.  Therefore, Plaintiff has failed to allege harm caused by a District of Columbia policy or custom, and the Court should dismiss Plaintiff's Complaint.

## CONCLUSION

For these reasons, the Court should dismiss the Complaint for failure to state a claim upon which relief can be granted.

Date: February 23, 2024.                     Respectfully submitted,

                                              BRIAN L. SCHWALB
                                              Attorney General for the District of Columbia

                                              STEPHANIE E. LITOS
                                              Deputy Attorney General
                                              Civil Litigation Division

                                              */s/ Matthew R. Blecher*
                                              MATTHEW R. BLECHER [1012957]
                                              Chief, Civil Litigation Division, Equity Section

                                              */s/ Honey Morton*
                                              HONEY MORTON [1019878]
                                              Assistant Chief, Equity Section

                                              */s/ Pamela A. Disney*
                                              PAMELA A. DISNEY [1601225]
                                              THOMPSON J. HANGEN*
                                              Assistant Attorneys General
                                              Civil Litigation Division
                                              400 6th Street, NW
                                              Washington, D.C. 20001
                                              Phone: (202) 807-0371
                                              Email: pamela.disney@dc.gov

                                              *Counsel for Defendant*

                                              *Counsel is a member in good standing of the
                                              Virginia State Bar, authorized by the Office
                                              of the Attorney General for the District of
                                              Columbia to provide legal services pursuant
                                              to Local Civil Rule 83.2(g).  Counsel certifies

10

that he is personally familiar with the Local
Rules of this Court as well as the other
materials set forth in Local Civil Rules
83.8(b) and 83.9(a).